IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JOANN GLAUDE,

    Plaintiff,

v.                                   CASE NO. 5:04cv412-RH/WCS

THE UNITED STATES OF AMERICA, et al.,

    Defendants.

_____/

**ORDER FOR DISMISSAL**

Captain Joann Glaude, an active duty member of the Canadian Armed Forces, was injured by a stingray while vacationing near Panama City, Florida. By virtue of her status in the military, she sought and received treatment at nearby Tyndall Air Force Base. Alleging negligent treatment, Captain Glaude brings this action against the United States under the Federal Tort Claims Act.[1]

---

[1] Captain Glaude also has named as defendants the Air Force and related entities as well as the treating physician (a captain in the Air Force) individually. The United States has filed a certification that the physician was acting within the course and scope of her federal employment at the time of the events at issue. Under these circumstances, the only appropriate defendant is the United States. The other defendants thus would be dismissed, even if the action otherwise were allowed to go forward.

The United States has moved to dismiss based on the *Feres* doctrine, which bars actions under the Federal Tort Claims Act for injuries to military personnel that "arise out of or are in the course of activity incident to service." *Feres v. United States,* 340 U.S. 135, 146, 71 S. Ct. 153, 95 L. Ed. 152 (1950). I grant the motion to dismiss, based on the settled law of the circuit that (1) *Feres* bars an action by a member of a foreign military service to the same extent as it bars an action by a member of the American military, and (2) *Feres* bars an action for negligence of a military medical provider during the course of treating a patient who is an active duty member of the military, even if the patient is off duty and the medical condition for which the patient sought treatment is unrelated to the patient's military service.

# I

In *Whitley v. United States*, 170 F.3d 1061 (11th Cir. 1999), an American soldier fell asleep while driving a rugby team comprised of members of the British military back to an American military base following a civilian match. In the ensuing crash, one of the British soldiers died. His survivors brought an action under the Federal Tort Claims Act. The Eleventh Circuit made clear that for purposes of determining whether the action was barred by *Feres*, it made no difference that the deceased served in the British military rather than the American

military. The court said:

> [T]he same *Feres* analysis that applies to American service members is appropriate for foreign service members who claim injury or death resulting from the negligence of United States armed forces. Otherwise, there would be two standards of FTCA recovery, American and foreign . . . .

*Whitley*, 170 F.3d at 1075-76. The court added:

> Like a United States service member, a foreign service member who pursues an FTCA action because of injury or death resulting from the negligence of American armed forces, is adjudicated under the *Feres,* incident-to-service standard. If the injury to the foreign service member is determined to be incident to service, then FTCA recovery is precluded under *Feres.*

*Whitley*, 170 F.3d at 1076.[2]

    *Whitley* thus establishes that Captain Glaude can recover in the case at bar to the same extent, and only to the same extent, as could an American officer in the

---

[2] The court quoted with approval a rationale for this result adopted in an earlier district court decision:

> [T]o rule that the United States government has waived sovereign immunity with respect to the tort claims of foreign servicemen but not with respect to the claims of American servicemen would distort the underlying purposes of the FTCA, defy common sense, and almost certainly be contrary to the intent of an elected Congress.

*In re "Agent Orange" Prod. Liab. Litig.,* 506 F. Supp. 762, 780 (E.D.N.Y.1980), *reconsideration in part on other grounds,* 580 F. Supp. 1242 (E.D.N.Y.1984).

*Case No: 5:04cv412-RH/WCS*

same circumstances.

## II

In *Rayner v. United States*, 760 F.2d 1217 (11th Cir. 1985), a sergeant in the United States Army died after allegedly negligent treatment in a military hospital. He was there not for treatment of injuries sustained on duty but simply for an elective procedure. His survivors brought an action under the Federal Tort Claims Act alleging medical negligence. The district court dismissed under *Feres*, and the Eleventh Circuit affirmed. The Eleventh Circuit said:

> In the *Feres* case, the Supreme Court concluded that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159. Sergeant Rayner's case presents the typical *Feres* factual paradigm, "an FTCA suit for injuries or death allegedly caused by the negligence of a serviceman or an employee of the armed forces." *Johnson v. United States,* 749 F.2d 1530, 1537 (11th Cir.1985) (rehearing *en banc* granted). In this situation, the district court need only decide whether the injury arose out of or during the course of an activity incident to service in the Armed Forces. *Id. See also United States v. Brown,* 348 U.S. 110, 113, 75 S.Ct. 141, 144, 99 L.Ed. 139 (1954).
>
> The provision of benefits to soldiers because of their status as military personnel is considered "activity incident to [such] service." *Brown v. United States,* 739 F.2d 362, 368 (8th Cir.1984); *Johnson v. United States,* 704 F.2d 1431, 1438 (9th Cir.1983). *Military medical care constitutes such benefits; accordingly, suits by servicemen or their representatives for medical malpractice are barred by the Feres doctrine. See, e.g., Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153,

> 95 L.Ed. 152 (1950); *Jones v. United States,* 729 F.2d 326, 328 (5th Cir.1984); *Joseph v. United States,* 505 F.2d 525 (7th Cir.1974); *Harten v. Coons,* 502 F.2d 1363, 1365 (10th Cir.1974), *cert. denied,* 420 U.S. 963, 95 S. Ct. 1354, 43 L. Ed. 2d 441 (1975); *Peluso v. United States,* 474 F.2d 605 (3d Cir.), *cert. denied,* 414 U.S. 879, 94 S. Ct. 50, 38 L. Ed. 2d 124 (1973). In *Shults v. United States,* 421 F.2d 170, 171-72 (5th Cir.1969), we affirmed the district court's dismissal of a sailor's medical malpractice suit against the government, stating in part: it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. *It inescapably follows that whatever happened to him in that hospital and during the course of treatment had to be "in the course of activity incident to service."*

*Rayner*, 760 F.2d at 1219 (emphasis added; footnote omitted).  The court said it did not matter that Sergeant Rayner was in the military hospital only for an elective procedure that he had not been ordered to undergo and did not need in order to continue his service.  The teaching of *Rayner*, then, is that all treatment of a soldier in a military facility is "incident to service" for purposes of the *Feres* doctrine.

That this is the correct reading of *Rayner* is confirmed by two of the cases on which *Rayner* explicitly relied.  First, in *Jones v. United States,* 729 F.2d 326 (5th Cir.1984), a member of the United States Air Force was injured in a motorcycle crash while "off the military base and 'on pass.'"  *Jones*, 729 F.2d at 327.  He was treated in a military hospital and died.  His survivors brought an action under the Federal Tort Claims Act alleging negligent treatment.  The pre-*Bonner* Fifth Circuit held the action barred by *Feres*, saying it did not matter that the deceased

was off base and off duty at the time of the crash. What was controlling was simply that he was an active duty member of the military entitled to treatment at the military hospital on that basis.

Similarly, in *Shults v. United States,* 421 F.2d 170, 171 (5th Cir.1969), a "sailor on liberty" was struck by an automobile. He was treated in a military hospital and later brought an action under the Federal Tort Claims Act alleging negligent treatment. The court held the action barred by *Feres*:

> It is true that Shults was injured while on leave and that the leave was never formally cancelled prior to his death. Nevertheless, it is obvious that the injured man could not have been admitted, and would not have been admitted, to the Naval Hospital except for his military status. He was there treated by Naval medical personnel solely because of that status. It inescapably follows that whatever happened to him in that hospital and during the course of that treatment had to be 'in the course of activity incident to service'.

*Shults*, 421 F.2d at 171-72.

Captain Glaude, like the "sailor on liberty" in *Shults*, like the member of the Air Force in *Jones*, and like the Army sergeant in *Rayner*, was treated in a military facility for a condition unrelated to her military service. She was entitled to treatment in the military facility, however, solely because of her status as an active duty member of the military. The controlling law of the circuit, as set forth in

*Shults*, *Jones*, and *Rayner*, is that this action must be dismissed.[3]

For these reasons,

IT IS ORDERED:

Defendants' motion to dismiss (document 10) is GRANTED.  The clerk shall enter judgment stating, "This action is dismissed for lack of jurisdiction."  The clerk shall close the file.

SO ORDERED this 9th day of August, 2005.

s/Robert L. Hinkle
Chief United States District Judge

---

[3] The dismissal is properly for lack of jurisdiction, not on the merits.  *See Raynor*, 760 F.2d at 1218 n.2.

*Case No: 5:04cv412-RH/WCS*